IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KEYNTE J. DAVIS, # K-54058,     )
     )
     Plaintiff,     )
     )
     )
vs.     )     Case No. 11-cv-621-MJR
     )
WARDEN GROUNDS, C/O WALTON,     )
and JOHN DOES #1-5,     )
     )
     Defendants.     )
     )

MEMORANDUM AND ORDER

REAGAN, District Judge:

Plaintiff Keynte Davis, an inmate in Danville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on incidents that occurred while Plaintiff was incarcerated at Robinson Correctional Center ("Robinson").  Plaintiff is serving a seventeen year sentence for manufacturing cocaine.  This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

1

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*.  At the same time, however, the factual allegations of a pro se complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

**The Complaint**

On October 20, 2010, Plaintiff was playing chess in the Robinson dayroom when he was approached by Inmate Benson, who said Plaintiff owed him money. Defendant Walton asked Plaintiff if everything was okay, to which Plaintiff responded that he did not know, but that everything would be fine.  Plaintiff then went into his cell;

2

Inmate Benson followed and a fight ensued.  Benson hit Plaintiff in the eye and bit Plaintiff's ear and arm.  At this point, Defendant Walton and another officer told the inmates to stop.  Plaintiff claims that there were several officers standing around watching the assault.  As Plaintiff moved to get off the ground, Inmate Benson stabbed him in the arm with a pen.

Plaintiff was taken to the health care unit ("HCU"), where it was determined that he would need to be transferred to the local hospital.  Once there, doctors decided that the portion of his ear that had been bitten off could not be reattached because too much time had passed since his injury.  Plaintiff claims that after his return to the prison, when officers came by his cell to give him pills and bandage his ear, they called him "Holyfield"[1] (Doc. 1, p. 6).

Plaintiff does not request any specific relief in his complaint other than a jury trial.

**Discussion**

Based on the allegations in the complaint, the Court finds it convenient to divide the pro se action into three (3) counts.

**Count 1 – Failure to Protect**

Plaintiff claims that Defendant Walton and other unidentified correctional officers failed to stop the altercation between Plaintiff and Inmate Benson.  In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court held that "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners."  *Id.* at 833 (internal citations omitted); *see also Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir.

---

[1] In reference to the infamous boxing match where Mike Tyson bit off a part of Evander Holyfield's ear.

2006).  However, not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for the prisoner's safety.  *Farmer*, 511 U.S. at 834.  In order for a plaintiff to succeed on a failure to protect claim, he must show he was incarcerated under conditions posing a substantial risk of serious harm, and the defendants acted with "deliberate indifference" to that danger.  *Id.*; *Pinkston*, 440 F.3d at 889.  A plaintiff also must prove prison officials were aware of a specific, impending and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat to his safety.  *Pope v. Shafer,* 86 F.3d 90, 92 (7th Cir. 1996).

Correctional officers are not required to place themselves in harm's way when attempting to break up a fight between inmates.  *Guzman v. Sheahan*, 495 F.3d 852, 858 (7th Cir. 2007).  Furthermore, a defendant's willingness to take affirmative steps aimed at stopping the situation is relevant to whether that defendant showed deliberate indifference.  *See id.*; *Shields v. Dart*, 664 F.3d 178, 181 (7th Cir. 2011) (defendant "took other steps to intervene by promptly calling for back-up and monitoring the fight from the secure area until other officers arrived").  Plaintiff does not suggest that Defendants had any knowledge of a substantial threat to his safety prior to Inmate Benson's assault, as he specifically told Defendant Walton that everything was fine just moments before the incident.  Thus, Plaintiff appears to be asserting that Defendants did not intervene with proper haste, and that their delay is sufficient to form the basis of a deliberate indifference claim.

In Defendant Walton's case, Plaintiff specifically notes that it was this Defendant who told Inmate Benson to stop harming Plaintiff.  As drafted, the complaint,

4

does not indicate that Walton and the John Doe Defendants allowed a prolonged assault on Plaintiff for punitive purposes.  Based on these allegations, Plaintiff has failed to state a claim that Defendants were deliberately indifferent to Inmate Benson's assault; thus, this claim shall be dismissed without prejudice.

**Count 2 – Deliberate Indifference to a Medical Need**

Plaintiff alleges that unnecessary delay in transporting him to a hospital prevented his ear form being reattached.  The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).  This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition."  *Estelle,* 429 U.S. at 106.  *See also Sanville v. McCaughtry,* 266 F.3d 724, 734 (7th Cir. 2001).

> To prevail on an Eighth Amendment claim, a plaintiff must show that the responsible prison officials were deliberately indifferent to his serious medical needs.  *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Dunigan ex rel. Nyman v. Winnebago Cnty.*, 165 F.3d 587, 590 (7th Cir. 1999).  Deliberate indifference involves a two-part test.  The plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard.

*Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000).  However, the Supreme Court stressed that this test is not an insurmountable hurdle for inmates raising Eighth Amendment claims:

> [A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate;  it is enough that the official acted or failed to act despite his knowledge of a

5

substantial risk of serious harm . . . . Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence . . . and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Farmer,* 511 U.S. at 842.

The Seventh Circuit has held that a medical need is "serious" where it has either "been diagnosed by a physician as mandating treatment" or where the need is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997). The Seventh Circuit considers the following to be indications of a serious medical need: (1) where failure to treat the condition could "result in further significant injury or the unnecessary and wanton infliction of pain"; (2) "[e]xistence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment"; (3) "presence of a medical condition that significantly affects an individual's daily activities"; or (4) "the existence of chronic and substantial pain". *Gutierrez*, 111 F.3d at 1373. Also, "[a] delay in treatment may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010); *see also Cooper v. Casey*, 97 F.3d 914, 916 (7th Cir. 1996).

Plaintiff alleges that the delay in his treatment exacerbated his injury to the point where his ear could not be reattached, thus supporting the objective prong of the deliberate indifference standard. However, Plaintiff does not indicate that the defendants engaged in any kind of deliberate delay. The medical records attached to the complaint indicate that 30 minutes passed between the time of injury and when Plaintiff left the prison healthcare unit headed to the emergency room. Plaintiff arrived

in the emergency room in 30 minutes; 50 minutes after arrival he had been assessed and the decision was made not to reattach the ear—a total of one hour and fifty minutes after the incident.

Furthermore, Plaintiff does not allege that any parties ignored a known risk that his ear could be permanently detached.  Therefore, Plaintiff has failed to state a viable claim that any named or unnamed parties were deliberately indifferent to his medical needs, and thus, this claim shall be dismissed without prejudice.

**Count 3 – Verbal Harassment**

Plaintiff indicates that he was subjected to cruel and unusual punishment through the continued use of the "Holyfield" nickname by the John Doe Defendants. "Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws." *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000).  While the remarks alleged in Plaintiff's complaint could be considered unprofessional and inappropriate, standing alone they do not rise to the level of an Eighth Amendment violation.  Therefore, this claim shall be dismissed with prejudice.

**<u>Defendant Grounds</u>**

Though Plaintiff names Defendant Grounds (the Robinson warden) in the caption of his complaint, he fails to list him elsewhere in his complaint, so the Court is unable to ascertain what claims, if any, Plaintiff has against this Defendant.

Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name

in the caption.").  Furthermore, "[t]he doctrine of *respondeat superior* does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'"  *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)).  *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981). Because Plaintiff has not alleged that Defendant Grounds was personally responsible for any conduct in his complaint, he has not adequately stated a claim against this individual, or put him on notice of any claims that Plaintiff may have against him.  For this reason, Defendant Grounds will be dismissed from this action without prejudice.

## Disposition

IT IS HEREBY ORDERED that COUNTS 1 and 2 of Plaintiff's complaint are DISMISSED without prejudice for failing to state a claim upon which relief may be granted. Plaintiff is GRANTED leave to file an amended complaint regarding Counts 1 and 2.   COUNT 3 is DISMISSED with prejudice for failure to state a claim. DEFENDANTS GROUNDS, WALTON, and JOHN DOES #1-5 are dismissed without prejudice.

If Plaintiff does not file an amended complaint on or before September 7, 2012, or the amended complaint fails to state a viable claim, final judgment dismissing this action will enter.  Plaintiff is ADVISED that dismissal of this action for failure to state a claim shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  Furthermore, Plaintiff's obligation to pay the filing fee for this action was

8

incurred at the time the action was filed, thus the filing fee of $350 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).  *See Paul v. Marberry*, 658 F.3d 702, 704 (7th Cir. 2011) (A dismissal without prejudice may count as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim.).


        **IT IS SO ORDERED.**

        **DATED: August 17, 2012**

                      **s/ *Michael J. Reagan***
                      **MICHAEL J. REAGAN**
                      **UNITED STATES DISTRICT JUDGE**