IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEYNTE J. DAVIS, # K-54058, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| vs. ) | Case No. 11-cv-621-MJR |
| ) | |
| WARDEN GROUNDS, C/O WALTON, ) | |
| ASSISTANT WARDEN TILKA, ) | |
| BATUK RAMOLIA, M.D., and ) | |
| UNKNOWN PARTY HEALTH ) | |
| PROVIDER, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM AND ORDER

REAGAN, District Judge:

Plaintiff Keynte Davis, an inmate in Danville Correctional Center, brought this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on incidents that occurred while Plaintiff was incarcerated at Robinson Correctional Center ("Robinson"). After completing the preliminary review of Plaintiff's original complaint (Doc. 1), this Court dismissed all three counts but granted him leave to submit an amended complaint including Counts 1 and 2 (Doc. 19). Plaintiff's First Amended Complaint (Doc. 22) is now before the Court for review pursuant to 28 U.S.C. § 1915A.

**Count 1 – Failure to Protect**

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has at this stage articulated a colorable federal cause of action against Defendants Walton and Tilka for failure to protect Plaintiff from an ongoing attack by fellow inmate Benson on

October 20, 2010 (*see* Doc. 22, p. 4).  This claim shall receive further review.

**Count 2 – Deliberate Indifference to a Medical Need**

The First Amended Complaint asserts that Defendant Ramolia (a doctor at Crawford Memorial Hospital), Defendant Tilka, and other unnamed prison officials were deliberately indifferent to Plaintiff's serious medical need for treatment of his partially severed left ear (Doc. 22, pp. 4-5).  Inmate Benson had bitten off the lower part of the ear when he attacked Plaintiff.  Defendant Tilka took Plaintiff to the prison health care unit at 10:15 a.m.  Plaintiff claims he was not taken to Crawford Memorial Hospital until 11:49 a.m.; however, the attached hospital record (Doc. 22, p. 10) contradicts this allegation.  At the hospital, Defendant Ramolia examined Plaintiff, and after consultation with another physician (Dr. Gwyen), advised the Robinson officers who accompanied Plaintiff that he should be transported to Carle Clinic for treatment (Doc. 22, p. 5).  An officer called Robinson, but the prison official there denied permission for Plaintiff to be taken to Carle Clinic.  After that, the doctor consulted by Defendant Ramolia determined that too much time had passed, and the severed portion of the ear could no longer be reattached.  Finally, Plaintiff claims that he did not receive the prescribed "laceration after care" from the Robinson health care providers following his return to prison.

**A. Delay in Treatment**

According to the hospital record submitted by Plaintiff, Defendant Ramolia contacted Dr. Gwyen at 11:15 a.m., and was advised at 11:35 a.m. to discard the amputated portion of the ear (Doc. 22, p. 10).  This record demonstrates that only one hour elapsed between the time Plaintiff arrived at the Robinson health care unit, and the time he was examined in the hospital by Defendant Ramolia.  As in the original

complaint, the facts presented in the First Amended Complaint do not indicate that any Defendants disregarded a known risk that Plaintiff's ear could be permanently injured.

Furthermore, Defendant Ramolia is a private doctor (Doc. 22, p. 2). Plaintiff does not indicate that Defendant Ramolia is employed by the prison or under any type of contractual relationship with Robinson or the Illinois Department of Corrections ("IDOC"). As such, Defendant Ramolia cannot be considered a "state actor" subject to liability under 42 U.S.C. § 1983. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822-30 (7th Cir. 2009) (a contractual relationship between a private physician and the IDOC may be sufficient for the private party to become a "state actor"). A plaintiff cannot proceed with a federal claim under § 1983 against a non-state actor. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999); *Gayman v. Principal Fin. Servs., Inc.*, 311 F.3d 851, 852-53 (7th Cir. 2003). Most importantly, nothing in the amended complaint suggests that Defendant Ramolia caused any delay in treating Plaintiff, or otherwise acted with deliberate indifference to the risk of permanent injury to him.

For these reasons, Plaintiff fails to state an actionable claim against Defendant Ramolia or any other Defendant for deliberate indifference due to the delay in treating his severed ear.

### B. Failure to Provide Follow-up Wound Care

Plaintiff may, however, have a viable claim for the lack of laceration after-care by the Robinson health care providers after he returned from the hospital. In order for Plaintiff to proceed with a deliberate indifference claim against any prison staff who failed to give follow-up treatment, he must first identify these individuals by name in

another amended complaint.

**Defendant Grounds**

Finally, the First Amended Complaint contains no allegations that Defendant Grounds (the Robinson warden) was directly involved in the events leading to Plaintiff's injury, or in any decisions relating to Plaintiff's medical treatment. As noted in the Order of August 17, 2012 (Doc. 19), Defendant Grounds cannot be held liable under § 1983 merely because he is the chief administrator of the prison. Only direct personal involvement in the deprivation of a constitutional right can lead to liability in a civil rights action. *See Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). As Plaintiff has alleged nothing beyond the fact that Defendant Grounds is the warden, responsible for prison operations and for the inmates' welfare (Doc. 22, p. 2), this Defendant shall be dismissed.

**Disposition**

Defendants **RAMALIA** and **GROUNDS** are **DISMISSED** from this action with prejudice. **Count 2-A** is dismissed with prejudice. As to **Count 2-B**, the Clerk is **DIRECTED** to add **UNKNOWN PARTY HEALTH PROVIDER** as a Defendant in this action.

As to **COUNT 1**, the Clerk of Court shall prepare for Defendants **WALTON** and **TILKA**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from

the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

As to **Count 2-B**, no service shall be ordered on the Unknown Party Defendant(s) until such time as Plaintiff has identified them by name in a properly filed amended complaint.  Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED.

R. C<small>IV</small>. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 5, 2012**

                                                  ***/s/ Michael J. Reagan***
                                                  United States District Judge