IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEYNTE J. DAVIS )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>C/O WALTON, and )<br>ASSISTANT WARDEN TILKA, )<br>)<br>Defendants. ) | Case No. 11-cv-621-MJR-SCW |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

### I.  Introduction

Before the Court is Plaintiff Keynte J. Davis' Motion for Summary Judgment (Doc. 52). Plaintiff seeks summary judgment on his claims against Defendants for failure to protect him while he was incarcerated at Robinson Correctional Center. Plaintiff argues there is no issue of fact as to the liability of the Defendant-officers and he is therefore entitled to summary judgment. Defendants have filed a Response in opposition to Plaintiff's Motion. (Doc. 54). For the following reasons, the Court **DENIES** Plaintiff's Motion for Summary Judgment. (Doc. 52).

### II.  Findings of Fact

On the evening of October 20, 2010, Plaintiff was approached by inmate Benson in regards to a chess game the two engaged in earlier that day. (Doc. 52, p. 3). Upon seeing this, Defendant-Officer Walton approached Plaintiff to ask if things were "okay." (Doc 52, p. 3). Plaintiff responded that "He would be fine." (Doc 1 p. 5). Shortly thereafter, inmate Benson again approached Plaintiff and a fight broke out between the two. (Doc. 52. p. 3). At that time,

1

Defendant-officer Walton, called a "10-10" so as to alert other officers of the fight. (Doc. 52 p. 3). During the altercation, Plaintiff was punched in the eye, stabbed in the left arm, and had a portion of his left earlobe bitten off by inmate Benson. (Doc. 1 p. 5). Defendant-Officer Walton told inmate Benson to stop, but he did not step in to stop the fight. (Doc. 52 p. 3). Plaintiff was then taken to healthcare, where it was determined that, after calling Champaign Hospital, that the ear could not be repaired. (Doc. 1 p. 5). Plaintiff claims Officer Walton, and the others who responded to his "10-10" call, "just stood there watching as the assault took place." (Doc. 52 p. 3 ¶ 4). Plaintiff further alleges that Officer Tylka, watched on as the fight took place from the TV Room, instead of stepping in to break up the fight. (Doc 52 p. 3 ¶ 5). However, according to Officer Tylka's answers to Plaintiff's Interrogatories, she was not in the housing unit at the time of the incident, she did not witness the incident, nor was she responsible for the report concerning the incident. (Doc. 54-1 p. 2).

### III. Conclusions of Law

#### A. Summary Judgment Standard

Summary Judgment is appropriate if the evidence, considered in totality, demonstrates that there is no genuine issues of material fact and the movant is entitled to judgment as a matter of law. **Dynegy Mktg. & Trade v. Multi corp., 648 F.3d 506, 517 (7th Cir. 2011) (citing Fed. R. Civ. P. 56(a)).** Initially, the movant has the burden to demonstrate to the court that there is a lack of genuine issue as to the material facts based on the admissible evidence on the record. **Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).**

Once a motion for summary judgment has been made, the nonmoving party must then demonstrate that genuine issues of material fact do exist. **Fed. R. Civ. P. 56(e).** If the evidence presented would allow a reasonable jury to find for the nonmoving party, then a genuine issue of fact exists. **Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986); Fed. R. Civ. P. 56(c).** When

considering the evidence presented, a court should not grant summary judgment upon a mere scintilla of evidence in support of the party opposing summary judgment, but may only do so when that party has presented concrete evidence to establish that there is no issue of material fact. **Albiero v. City of Kankakee, 246 F.3d 927, 931-32 (7th Cir. 2001).**

When a court hears a motion for summary judgment, it will review the evidence in a light most favorable to the non-moving party. That being said, summary judgment is not appropriate when evidence in the record indicates that "alternative inferences can be drawn." **Anderer v. Jones, 385 F.3d 1043, 1064 (7th Cir. 2004).**

When the party moving for summary judgment will also bear the burden of proof at trial, he must show that the record contains proof essential to establishing all of the elements of his claim, also called a prima facie case. **Celotex, 477 U.S. at 331 ("If the moving party will bear the burden of persuasion at trial, that party must support its motion with credible evidence… that would entitle it to a directed verdict if not controverted at trial") (referring to Fed. R. Civ. P. 56(c)); MMG Financial Corp. v. Midwest Amusements Park, LLC, 630 F.3d 651, 656 (7th Cir. 2011); Montgomery v. American Airlines, Inc., 626 F.3d 382, 389 (7th Cir. 2010) (citing to Smith on Behalf of Smith v. Severn, 129 F.3d 419, 425 (7th Cir. 1997)).** Since the burden of proof at trial belongs to the Plaintiff, and the Plaintiff is the movant on this Motion for Summary Judgment, he must be able to establish each of the essential elements of his claim. **Celotex, 477 U.S. at 322-23; Montgomery, 626 F.3d at 389 (citing Severn, 129 F.3d at 425).** This is not the same as a motion for summary judgment made by a defendant. When the movant does not bear the burden at trial, he can prevail if he can show there is an absence of evidence for the nonmovant's essential claims. **Modrowski v. Pigatto, 712 F.3d 1166, 1169 (7th Cir. 2013) (citing to the Advisory Committee Notes on 2010 Amendments to Fed. R. Civ. P. 56: "Subdivision (c)(1)(B) recognizes that a party need not always point to specific record**

**materials. . . . [A] party who does not have the trial burden of production may rely on a showing that a party who does have the trial burden cannot produce admissible evidence to carry its burden as to the fact.")).**

 B. Analysis

   The Eighth Amendment places a duty on prison officials "to take reasonable measures to guarantee the safety of the inmates." **Farmer v. Brennan, 511 U.S. 825, 832 (1970) (quoting Hudson v. Palmer, 468 U.S. 517, 526-527 (1984)).** However, an Eighth Amendment violation is only such if it meets a two-pronged test. First, there must be a sufficiently serious risk of harm. **Helling v. McKinney, 509 U.S. 25, 35 (1993); Farmer, 511 U.S. at 834; Mathis v. Fairman, 120 F.3d 88, 91 (7th Cir. 1997).** Second, the official must have had deliberate indifference to the previously mentioned risk. **Farmer, 511 U.S. at 834.**

   To satisfy the first, objective prong, the inmate must show that "he is incarcerated under conditions posing a substantial risk of serious harm." **Farmer, 511 U.S. at 834; Payne for Hicks v. Churchich, 161 F.3d 1030, 1041 (7th Cir. 1998).** This means that the inmate must show that prior to the incident, there was a substantial risk that harm might occur. **Brown v. Budz, 398 F.3d 904, 910 (7th Cir. 2005); Payne for Hicks, 161 F.3d at 1042.** The courts have found that an inmate who is assaulted by other inmates has experienced a substantially serious harm. **Brown, 398 F.3d at 910.** While the seriousness harm can be inferred from the obviousness of the risk, Plaintiff has not provided any evidence that the risk was obvious to any of the Defendant-officer aside from Officer Walton's checking in on the first conversation between Plaintiff and inmate Benson. (Doc. 1. p. 5); **Payne for Hicks, 161 F.3d at 1042.** It is not contested that Plaintiff in this case has suffered serious harm at the hands of another inmate; what is at issue is the notion that there was a risk of this harm occurring such that an officer could have prevented it.

This leads to the second, subjective prong. An inmate must also show that officers acted with deliberate indifference to the risk. **Farmer, 511 U.S. at 834; Mathis, 120 F.3d at 91.** This means that the officer must have had knowledge of the risk and then consciously not acted to prevent its occurrence. **Mathis, 120 F.3d at 91; Brown, 398 F.3d at 913; See Wilson v. Seiter, 501 U.S. 294, 303 (1991) (expanding the concept of deliberate indifference from medical care cases to those concerning "conditions of confinement"); Whitley v. Albers, 475 U.S. 312, 320 (1986) ("In making and carrying out decisions involving the use of force to restore order in the face of a prison disturbance, prison officials undoubtedly must take into account the very real threats the unrest presents to inmates and prison officials alike, in addition to the possible harms to inmates against whom force might be used."); Estelle v. Gamble, 429 U.S. 97, 105 (1976).** This knowledge can be grounded on such factors as the inmate's particular vulnerability or on the attacker's prior history of or propensity for violence. **Brown, 398 F.3d at 915.** In this case, there is very little evidence to suggest that any of the Defendant-officers had knowledge of risk. Although Plaintiff asserts that Officer Walton asked him if everything was okay when he observed the Plaintiff speaking with inmate Benson prior to the fight, there is nothing further to suggest that at the time of that encounter there was any indication of a serious risk. Plaintiff's complaint and declarations state that he told Officer Walton he "would be fine" with regard to his conversation with inmate Benson, indicating that there was no warning of risk. (Doc. 52, p. 3 ¶ 2).

Furthermore, the mere awareness of the facts that could later establish a substantial risk is insufficient to show that the risk was disregarded. Determining if Defendant-officials had knowledge of a risk and then disregarded it is a question of fact. **Peate v. McCann, 294 F.3d 879, 882 (7th Cir. 2002); Mayoral v. Sheahan, 245 F.3d 934, 938 (7th Cir. 2001) (citing Farmer, 511**

**U.S. at 842).** If there exists a question of fact, summary judgment is not appropriate. **Fed. R. Civ. P. 56(a).**

Here, Plaintiff has failed to meet his burden. First, there is a dispute as to whether one of the principle Defendant-officers, Officer Tylke, was present and involved in the incident. This represents dispute of material fact. As discussed above, although Plaintiff suffered serious harm, he has failed to show that Defendant-officers had knowledge that Plaintiff was in a position of serious risk. Without that knowledge and it is difficult to prove that the Defendant-officers deliberately disregarded that risk. To determine that, as the Seventh Circuit has said, is a question of fact and as such presents a genuine issue of material fact. Because Plaintiff has not set forth sufficient facts to support each essential element of his claim and because there exist genuine issues of material facts, he is not entitled to summary judgment at this time.

## IV.     Conclusion

Accordingly, the Court **DENIES** Plaintiff's motion for summary judgment (Doc. 52).

**IT IS SO ORDERED.**

DATED: June 6, 2014

>  /s/   *Michael J. Reagan*  
> **MCHAEL J. REAGAN**  
> United States District Judge